United States v. Perez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-one.

PRESENT:

> JON O. NEWMAN,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                      20-3067

JASON PEREZ,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                          JASON M. SWERGOLD (Michael D. Maimin, *on the brief*), Assistant United States Attorney, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:      JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 3, 2017 judgment of the district court is **AFFIRMED**.

Jason Perez appeals his sentence for one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1); one count of possession of narcotics with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C); and one count of possession of a firearm in connection with a narcotics offense, 18 U.S.C. § 924(c)(1)(A)(i). Perez entered a guilty plea to all three counts on September 30, 2016. The mandatory minimum sentence for each of counts two and three was five years to be served consecutively, for a total mandatory minimum sentence of 120 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(i). At Perez's sentencing hearing, the district court calculated a total sentencing range under the U.S. Sentencing Guidelines ("Guidelines") of 262 to 327 months' imprisonment. The district court then imposed a below-Guidelines sentence of 144 months' imprisonment, followed by four years of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Perez argues that the district court erred in its Guidelines calculation. Specifically, he contends that he should not have received a "Career Offender" enhancement under U.S.S.G. § 4B1.1. That enhancement applies when "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a *controlled substance offense*." *Id.* § 4B1.1(a) (emphasis added).

First, Perez argues that his 2011 New York State conviction for attempted criminal possession of a controlled substance in the third degree under N.Y. Penal Law § 220.16(1) does

not qualify as a "controlled substance offense."  But both parties acknowledge that Perez's trial counsel explicitly agreed at his sentencing hearing that the opposite was true.  *See* App'x at 67 [Tr. at 7] ("THE COURT:  Now, as I understand, the parties are in agreement that Mr. Perez'[s] conviction for attempted criminal possession of a controlled substance in the third qualifies as a controlled substan[c]e offense . . . .  Am I correct the parties are in agreement with regard to that? [PEREZ'S COUNSEL]: Yes.").  Perez thus waived, rather than forfeited, his argument now to the contrary.  *See United States v. Olano*, 507 U.S. 725, 733 (1993) (explaining that forfeiture is "failure to make [a] timely assertion" while waiver is "intentional relinquishment or abandonment of a known right" (citation omitted)); *United States v. Bailey*, 800 F. App'x 35, 38 (2d Cir. 2020) (holding that a challenge was waived where "defense counsel affirmatively acknowledged that [the defendant] qualified as a career offender under the Guidelines at sentencing").  This argument is thus waived, and we do not address it.  *See United States v. Yu-Leung*, 51 F.3d 1116, 1121 (2d Cir. 1995).

Next, Perez contends that his 2008 New York State conviction under N.Y. Penal Law § 120.06 for attempted gang assault in the second degree does not qualify as a "crime of violence" because it is an inchoate offense.  But, as Perez acknowledges, that argument is squarely foreclosed by our case law.  *See United States v. Tabb*, 949 F.3d 81, 86 (2d Cir. 2020) (rejecting the argument that "'attempt' under New York law is broader than the generic 'attempt' described in the guidelines"); *see also* U.S.S.G. § 4B1.2(a)(1) (defining a crime of violence as any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

We have considered the remainder of Perez's arguments and find them to be without merit.

For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court